UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Clarence Fry, | : | Case No. 1:19 CV 2307 |
| | : | |
| Petitioner, | : | |
| | : | JUDGE PAMELA A. BARKER |
| vs. | : | |
| | : | |
| Tim Shoop, Warden, | : | **MEMORANDUM OF OPINION** |
| | : | **AND ORDER** |
| Respondent. | : | |

### INTRODUCTION

Before the Court in this capital habeas case are Petitioner Clarence Fry's motion for discovery (Doc. No. 36) and motion to stay these proceedings pending the decision of the United States Supreme Court in *Shinn v. Ramirez* (Doc. No. 39). Respondent Warden Tim Shoop opposes both motions. (Doc. Nos. 38, 40.) Fry has replied to Respondent's opposition to his discovery motion. (Doc. No. 39.) For the following reasons, the Court denies Fry's motions.

### PROCEDURAL HISTORY

Fry was convicted and sentenced to death in an Ohio state court in 2006 for the aggravated murder of his former girlfriend, Tamela Hardison. *See State v. Fry*, 125 Ohio St. 3d 163, 163-68 (Ohio 2010). His convictions and sentences were affirmed on direct appeal and post-conviction review. *See id.* at 163 (direct appeal); *State v. Fry*, No. 28907, 2019 WL 1318562, at *8 (Ohio Ct. App. March 20, 2019) (post-conviction review).

Fry filed a petition for writ of habeas corpus in this Court on August 6, 2020, asserting twenty-four claims for relief. (Doc. No. 21.) Respondent filed a return of writ on September 28,

2020. (Doc. No. 24.) Fry filed a traverse on August 11, 2021. (Doc. No. 32.) And Respondent filed a sur-reply on October 12, 2021. (Doc. No. 37.)

Now, Fry has filed two motions, one seeking permission to conduct discovery on many of his claims (Doc. No. 36) and one asking the Court to stay these proceedings pending a Supreme Court decision in *Shinn v. Ramirez* (Doc. No. 39). Through his discovery motion, he requests depositions and/or documents relating to: (1) claims one and thirteen, challenging the state trial court's jury-selection procedures and related ineffective assistance of trial counsel; (2) claim five, challenging the competency of a child witness; (3) claim fourteen, challenging the impartiality of a juror; (4) claims one and five through seven, challenging certain evidentiary rulings of the trial court and related ineffective assistance of trial counsel; (5) claims one through four, asserting ineffective assistance of trial counsel on various grounds; (6) claim nineteen, asserting ineffective assistance of appellate counsel on various grounds; and (7) claims twenty-two through twenty-four, asserting ineffective assistance of trial counsel for failing to investigate and present evidence. (Doc. No. 36 at 15-29.)[1]

Fry moves for a stay of this case because, he argues, the Supreme Court will address in *Shinn v. Ramirez* whether federal habeas law "permits the development of evidence to support a claim on the merits when a previously defaulted claim is excused by *Martinez v. Ryan*, 566 U.S. 1 (2012)[,] . . . [and] may provide guidance that bears directly on the extent of Fry's ability to further develop evidence to support several claims he has raised to this Court." (Doc. No. 39 at 1-2.) In *Martinez*, the Supreme Court held that the "[i]nadequate assistance of counsel at initial-review

---

[1] All references to page numbers of documents in the court's electronic court filing system ("ECF") are to the page numbers of the individual ECF documents, not to the original documents' page numbers or ECF "PageID" numbers.

2

collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Martinez*, 566 U.S. at 9.

Respondent opposes both motions. (Doc. Nos. 38, 40.)

## ANALYSIS

### A. Motion for Discovery

#### 1. Legal Standards

A federal habeas petitioner, "unlike the usual civil litigant, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Discovery in habeas cases is governed by Rule 6 of the Rules Governing Section 2254 Cases in the United States District Courts, which permits petitioners to initiate discovery available under the federal civil rules "if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise." Rules Governing § 2254 Cases, Rule 6(a). "Good cause" for discovery under Rule 6 exists only "'where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief . . . .'" *Bracy*, 520 U.S. at 908–09 (quoting *Harris v. Nelson*, 394 U.S. 286, 300 (1969)).

The burden is on the petitioner to demonstrate the materiality of the information requested. *See Williams v. Bagley*, 380 F.3d 932, 974 (6th Cir. 2004). Habeas Rule 6 does not "sanction fishing expeditions based on a petitioner's conclusory allegations," but requires "specific allegations of fact." *Id.* (internal quotation marks and citations omitted). When a habeas petitioner "offers nothing more than vague musings on how [the desired discovery] might . . . unfold[,]" a district court may correctly determine that he or she has "fail[ed] to satisfy the 'good cause'

3

standard required to obtain habeas corpus discovery." *Stojetz v. Ishee*, 892 F.3d 175, 207 (6th Cir. 2018).

The Supreme Court further limited discovery in federal habeas proceedings in *Cullen v. Pinholster*, 563 U.S. 170 (2011). There, the Court held that "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Pinholster*, 563 U.S. at 181.[2] Noting that § 2254(d)(1) review "focuses on what a state court knew and did," the Court reasoned that "[i]t would be strange to ask federal courts to analyze whether a state court's adjudication resulted in a decision that unreasonably applied federal law to facts not before the state court." *Id*. at 182. "'Federal courts sitting in habeas,'" it emphasized, "'are not an alternative forum for trying facts and issues which a prisoner made insufficient effort to pursue in state proceedings.'" *Id*. at 186 (quoting (*Michael*) *Williams v. Taylor*, 529 U.S. 420, 427-29 (2000)).

Under *Pinholster*, "district courts are precluded from conducting evidentiary hearings to supplement existing state court records when a state court has issued a decision on the merits with respect to the claim at issue." *Ballinger v. Prelesnik*, 709 F.3d 558, 561 (6th Cir. 2013); *see also Bourne v. Curtin*, 666 F.3d 411, 415 (6th Cir. 2012) (finding petitioner was not entitled to an evidentiary hearing because the state courts had adjudicated his claim on the merits and, under *Pinholster*, petitioner was "stuck with 'the record that was before the state court'"). And the Sixth Circuit consistently has held that *Pinholster* bars consideration of new evidence developed in federal habeas proceedings that relates to claims adjudicated on the merits in state courts. *See, e.g., Loza v. Mitchell*, 766 466, 494 (6th Cir. 2014) ("Loza's selective prosecution claim was

---

[2] Review under § 2254(d)(2) is limited to evidence presented in the state-court proceedings by its express terms. *See* 28 U.S.C. § 2254(d)(2).

adjudicated on the merits in state court, and, therefore, *Pinholster* requires us to consider only the evidence that was before the state court when reviewing Loza's claim."); *Moore v. Mitchell*, 708 F.3d 760, 780-84 (6th Cir. 2013) (holding federal habeas court may not consider additional evidence not presented to state courts even where parties jointly moved to expand the record to include that evidence before *Pinholster* was decided); *Sheppard v. Bagley*, 657 F.3d 338, 344 (6th Cir. 2011) (refusing to consider evidence adduced at federal evidentiary hearing in light of *Pinholster*).

But the Supreme Court did not address in *Pinholster* the availability of discovery in federal habeas proceedings, and neither it nor the Sixth Circuit has directly addressed the issue since *Pinholster* was decided. *See, e.g., Davis v. Bobby*, No. 2:10-cv-107, 2017 WL 2544083, at *3 (S.D. Ohio June 13, 2017). Recently, however, the Sixth Circuit appeared to recognize *Pinholster*'s limitation on discovery in finding a district court had properly denied a habeas petitioner's discovery motion in part because the claim to which it applied "was adjudicated on the merits in state court, [and the court's] review [was] limited to the record that was before the state court." *Guysinger v. Buchanan*, No. 20-3285, 2020 WL 5405892, at *2 (6th Cir. July 16, 2020). *See also Runningeahle v. Ryan,* 686 F.3d 758, 773-74 (9th Cir. 2012) (holding that "[r]egardless of whether [the petitioner] acted diligently, however, or of whether he was entitled to a hearing in state court, he is not entitled to an evidentiary hearing or additional discovery in federal court" under *Pinholster*). Indeed, the clear trend among district courts in this circuit is to apply *Pinholster* to limit discovery in habeas proceedings and deny petitioners' requests for discovery of evidence that *Pinholster* would bar from their review. *See, e.g., Broom v. Bobby*, No. 1:10-cv-2058, 2018 WL 1621083, at *3-5 (N.D. Ohio Apr. 4, 2018) (Boyko, J.); *Lang v. Bobby*, No. 5:12-cv-2923, 2014 WL 5393574, at *3-5, 8 (N.D. Ohio Oct. 23, 2014) (Zouhary, J.); *Davis*,

5

2017 WL 2544083, at *3 ("*Pinholster*'s holding necessarily informs any determination as to whether discovery is warranted. . . . Put simply, unusable evidence cannot lead to relief."). As one district court observed: "It would defy logic to preclude a petitioner from developing factual information in an evidentiary hearing [under *Pinholster*], but allow her to introduce the same factual information via discovery and expansion of the record." *Caudill v. Conover*, 871 F. Supp. 2d 639, 646 (E.D. Ky. 2012).

Habeas courts also have denied discovery requests related to claims that are procedurally defaulted where the petitioner did not show that the discovery could produce evidence excusing the default.[3] *See Williams v. Bagley*, 380 F.3d 932, 975-76 (6th Cir. 2004) (holding district court properly denied a habeas petitioner's discovery requests relating to procedurally defaulted ineffective-assistance claims because the petitioner had not shown that the requested discovery could "resolve any factual disputes that could entitle him to relief"); *Owens v. Guida*, 2002 WL 1398544, at *2 (W.D. Tenn. Jan. 9, 2002) ("Petitioner has not shown that she is entitled to conduct discovery because the information sought would not have established cause and prejudice for the asserted procedural default of her ineffective assistance of counsel claim."). They may consider new evidence, however, when deciding whether there is cause and prejudice or actual innocence

---

[3] Before a federal court may review a state prisoner's habeas petition, the petitioner must give state courts "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Procedural default occurs, precluding federal habeas review, when a petitioner failed to obtain consideration of the federal constitutional claim by state courts because he or she did not: (1) comply with a state procedural rule that prevented the state courts from reaching the merits of the petitioner's claim; or (2) fairly raise that claim before the state courts while state remedies were still available. *See, e.g., Wainwright v. Sykes,* 433 U.S. 72, 80, 84-87 (1977). A petitioner may overcome procedural default, however, by demonstrating cause for the default and actual prejudice that resulted from the alleged violation of federal law, or that there will be a "fundamental miscarriage of justice" if the claim is not considered. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

to excuse a procedurally defaulted claim. *House v. Bell*, 547 U.S. 518, 537-38 (2006); *see also Cunningham v. Hudson*, 756 F.3d 477, 487 n.4 (6th Cir. 2014).

### 2. Fry's Discovery Requests

Fry has not demonstrated good cause under *Brady* for his discovery requests. First, many of the claims that Fry seeks to develop through discovery were adjudicated on the merits in state court.[4] They are: claim one, sub-claims asserting ineffective assistance of trial counsel relating to counsel's efforts during plea negotiations, *see Fry*, 2012 WL 2128027, at *3-4 (post-conviction review)[5], counsel's cross-examination of child witness Jasown Bivens, *see id.* at *5-6, and counsel's failure to request severance, *see Fry*, 125 Ohio St. 3d at 195-96 (direct review); claim two, asserting ineffective assistance of trial counsel relating to Fry's waiver of mitigation evidence, *see id.* at 189-91 and *Fry*, 2012 WL 2128027, at *4-5; claim three, asserting ineffective assistance of trial counsel relating to counsel's investigation of mitigation evidence, *see id*. at *4-6; claim four, asserting ineffective assistance of trial counsel relating to counsel's failure to challenge a juror for cause, *see Fry,* 125 Ohio St. 3d at 198; claim five, challenging the competency of Jasown

---

[4] The Court's conclusions here regarding the procedural history and status of Fry's claims are based on a preliminary review of the pleadings and record and are drawn only for purposes of evaluating whether good cause exists for Fry's discovery requests. The Court may revise its determinations after a full consideration of the pleadings and record in ruling on Fry's petition and may revisit the issue of discovery, if necessary, at that time.

[5] The last state court to address this claim, the appellate court on post-conviction review, did not litigate a portion of this claim (relating to counsel's "failure to spend enough time reviewing the State's offer" with Fry) on the merits. *See Ylst v. Nunnemaker*, 501 U.S. 797, 805 (1991) **Error! Main Document Only.**(habeas courts examine the "last *explained* state-court judgment" on federal claims to determine whether AEDPA review applies). (emphasis original). Instead, it found that claim barred from review under Ohio's doctrine of *res judicata*, because it was based on the trial record, but Fry failed to raise it on direct appeal. *See Fry*, 2012 WL 2128027, at *3. Nevertheless, as the record supports this claim, Fry still cannot show good cause for deposing trial counsel on this issue.

Bivens to testify, *see id.* at 174-75; claim six, challenging the admission of "other acts" evidence, *see id.* at 175-76[6]; and claim seven, challenging the admission of the victim's statements, *see id.* at 177-82.

As *Pinholster* precludes this Court's consideration of evidence Fry did not present to state courts in support of these claims, Fry cannot establish good cause for the discovery he seeks related to them. *See, e.g., Caudill*, 871 F. Supp. 2d at 646. Should Fry prevail on the merits of any of these claims under § 2254(d)(1) or (d)(2), however, the Court may revisit Fry's discovery requests at that time. *See Harris v. Haeberlin*, 752 F.3d 1054, 1057-58 (6th Cir. 2014) (holding that *Pinholster* would not foreclose an evidentiary hearing in a habeas case, because it already had found the state court's determination of the petitioner's juror-bias claim violated § 2254(d)(1)); *Caudill*, 871 F. Supp. 2d at 649-50 (permitting discovery before determining if the evidence it uncovers can be considered "creates a substantial risk of wasting resources and delaying resolution of this matter"); *Williams v. Houk*, 2012 WL 6607008, at *5-6 (N.D. Ohio Dec. 18, 2012) (Oliver, J.) (denying discovery motion "subject to resurrection in the event that this Court determines at a future point in this litigation that the state court decisions regarding the claims at issue in Williams' discovery motion" satisfy § 2254(d)(1) or (d)(2)).

---

[6] The last state court to address this claim, the Ohio Supreme Court on direct appeal, rejected this claim based solely on state law. *Fry*, 125 Ohio St. 3d at 175-76. A state-court decision is considered an "adjudication on the merits" for purposes of AEDPA review under § 2254(d)(1), however, even where the state court decided the claim only on state-law grounds if the petitioner presented the claim to the state court as supported by both state and federal constitutional law. *See Harrington v. Richter*, 562 U.S. 86, 99 (2011) (holding that, for purposes of AEDPA's deferential review, "[w]hen a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary").

Second, other claims noted in Fry's motion are procedurally defaulted, and Fry does not assert cause and prejudice or actual innocence to excuse the default, which might then justify discovery related to those claims. Respondent argues that Fry's thirteenth claim for relief, challenging the trial court's jury-selection procedures, and his ineffective-assistance claim in his first ground for relief based on counsel's failure to make a record regarding the lack of African-American jurors on the jury panel, are procedurally defaulted. (*See* Doc. No. 24 at 21; Doc. No. 37 at 4.) Fry raised these claims on post-conviction review as a single ground for relief. (*See* Doc. No. 13-2 at 56-57.) The last state court to consider the claims was the state appellate court. *See Combs v. Coyle*, 205 F.3d 269, 275 (6th Cir. 2000) (in determining procedural default, the federal court looks to the last explained state-court judgment). The court ruled only on the trial-court-error portion of Fry's claim, however, finding it barred under Ohio's doctrine of *res judicata* because, as the trial court conducted a full hearing on the matter, the claim was based on the trial-court record and could have been raised on direct appeal, but was not. *See Fry*, 2012 WL 2128027, at *2; *see also State v. Perry*, 10 Ohio St. 2d 175, 180 (Ohio 1967) (Ohio's *res judicata* rule precludes a defendant from raising for the first time in post-conviction proceedings a claim that was fully litigated or could have been fully litigated at trial or on direct appeal.); *Durr v. Mitchell*, 487 F.3d 423, 432 (6th Cir. 2007) (Ohio's *res judicata* rule is an adequate and independent state ground to procedurally bar claims asserted in federal habeas actions). Although the state court was silent as to the procedural posture of the ineffective-assistance portion of the claim, its treatment of the related trial-court-error claim indicates that it found this claim barred by *res judicata* as well. *See Harrington v. Richter*, 562 U.S. 86, 99 (2011) (holding that, for purposes of AEDPA's deferential review, "[w]hen a federal claim has been presented to a state court and the

state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary").

Fry argues, however, that the state post-conviction court misapplied the *res judicata* rule, as he presented evidence outside the record that supported both claims. (Doc No. 32 at 110.) *See also State v. Smith*, 17 Ohio St. 3d 98, 101 n.1 (Ohio 1985) (noting the exception to Ohio's *res judicata* doctrine where a petitioner presents evidence *dehors*, or outside, the record to support a claim on post-conviction); *Wogenstahl v. Mitchell*, 668 F.3d 307, 341 (6th Cir. 2012) (holding that "an incorrect application of a state *res judicata* rule does not constitute reliance on an adequate and independent state ground"). The Court disagrees. The evidence Fry submitted was insufficient to overcome the *res judicata* procedural bar; it was available to him at the time of the trial and most of it does not relate specifically to Summit County's jury-selection procedures. (*See* Doc. No. 13-2 at 103, 163-79, 208-76, 277-365, 366-417, 418-36, 437-62 (submitted exhibits).) *See also Wogenstahl*, 668 F.3d at 342 (noting that extra-record evidence must meet a threshold standard of cogency to overcome the *res judicata* bar); *State v. Cowan,* 151 Ohio App. 3d 228, 233 (Ohio Ct. App. 2002) (noting an "exception to res judicata exists when a defendant presents new, competent, relevant and material evidence dehors the record" that was not "in existence and available for use at the time of trial") (internal quotation marks and citations omitted). These claims, therefore, are procedurally defaulted. Moreover, Fry does not assert cause and prejudice or actual innocence to excuse the defaults. (*See* Doc. No. 32 at 40-42.) Accordingly, Fry has not demonstrated good cause for discovery relating to his jury-selection and related ineffective-assistance claims.

Respondent contends that claim fourteen, challenging the impartiality of a juror, also is procedurally defaulted, because Fry never properly raised the claim in state court. (Doc. No. 24

10

at 59-60.)[7]  This claim, too, should have been raised on direct appeal because it was based on the trial record, as the trial court conducted a thorough inquiry on the record regarding the juror's alleged bias.  (*See* Doc. No. 14-2 (Trial Tr.) at 465-86.)  And under Ohio law, *res judicata* now prohibits Fry from raising the claim in any post-conviction proceeding.  *See Wong v. Money,* 142 F.3d 313, 322 (6th Cir. 1998) ("Under Ohio law, the failure to raise on appeal a claim that appears on the face of the record constitutes a procedural default under the State's doctrine of res judicata.")  With no state-court remedies still available to him, Fry has defaulted this claim.  *See, e.g., Alley v. Bell*, 307 F.3d 380, 385 (6th Cir. 2002) ("[I]f an unexhausted claim would be procedurally barred under state law, that claim is procedurally defaulted for purposes of federal habeas review.").  Further, Fry again offers no argument regarding the cause for, or prejudice resulting from, the default, or that he is actually innocent such that the default should be excused.  There is no good cause, therefore, for discovery aimed to support this claim either.

Third, Fry's remaining discovery requests are overly broad, vague, and/or unduly burdensome.  Fry seeks to depose appellate counsel to support his nineteenth claim for relief, which alleges they performed deficiently by failing to raise claims on direct appeal that:  (1) the trial court failed to ensure the inclusion of African Americans on the jury; (2) the trial court erred in not excusing a biased juror; (3) trial counsel were ineffective for failing to fully develop and include in the trial-court record additional evidentiary support for "meritorious constitutional claims"; (4) trial counsel's performance relating to the plea negotiations was ineffective; and (5) trial counsel were ineffective in preparing for the mitigation phase of trial.  (*See* Doc. No. 36 at

---

[7] Fry attempted to raise this claim on post-conviction review pursuant to a motion for leave to file a second amendment to his petition (Doc. No. 13-2 at 1272-77), but as the state appellate court noted, the trial court never granted the motion and did not consider the claim.  *Fry*, 2012 WL 2128027, at *2 n.1.

27-28; Doc. No. 21 at 138-42.) Fry also wants to depose his original post-conviction counsel to determine why they did not investigate and present the trial counsel ineffective-assistance claims he now advances in habeas claims twenty-two through twenty-three. (Doc. No. 36 at 28-29.) Those claims broadly allege that trial counsel failed to: reasonably investigate "the circumstances surrounding Hardison's death" and "investigate and challenge the State's witnesses and evidence admitted against their client"; adequately investigate "all reasonably available mitigating evidence," including "speak[ing] with any and all available lay witnesses," "explor[ing] any mental health evidence," and "conduct[ing] any investigation of potential brain damage'; and present mitigation evidence of Fry's "exposure to racism while growing up." (Doc. No. 21 at 158-60.)

Fry has not established good cause under *Brady* to subject his former appellate counsel to the time and expense of depositions at this time, and to justify the unavoidable delay they would cause in these proceedings. Such depositions will be necessary only if the claims underlying Fry's appellate counsel ineffective-assistance claims are found to be preserved for habeas review and have potential merit. For similar reasons, good cause does not exist at this time for Fry to depose his former post-conviction counsel about vague and expansive claims they did not raise in state court. *See Stojetz*, 892 F.3d at 207.

Fry, therefore, has not demonstrated good cause to support his discovery requests. The Court denies his motion without prejudice, however, and may reconsider Fry's motion if, upon further review of the pleadings and record, it appears warranted at that time.

### B. Motion to Stay

Fry also moves the Court to stay these proceedings pending a Supreme Court decision in *Shinn v. Ramirez*. (Doc. No. 39.) He argues the Court will address in that case whether federal

habeas law "permits the development of evidence to support a claim on the merits when a previously defaulted claim is excused by *Martinez v. Ryan*, 566 U.S. 1 (2012)[,] . . . [and] may provide guidance that bears directly on the extent of Fry's ability to further develop evidence to support several claims he has raised to this Court."  (Doc. No. 39 at 1-2.)  As noted above, in *Martinez*, the Supreme Court held that the "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial."  *Martinez*, 566 U.S. at 9.

It is not clear, however, that *Martinez*'s equitable rule applies in this case.  *See Hale v. Shoop*, No. 1:18-cv-504, 2021 WL 1215793, at * 77-78 (N.D. Ohio March 31, 2021) (Lioi, J.) (concluding that the *Martinez/Trevino* exception does not apply to all habeas claims brought by Ohio prisoners); *Statzer v. Marquis*, No. 1:18-cv-626, 2020 WL 1510241, at *15 (S.D. Ohio March 30, 2020) (Merz, M.J.) (same).  A stay, therefore, is not appropriate, and Fry's motion to stay also is denied.

## CONCLUSION

Accordingly, for the reasons stated above, the Court denies Fry's motion for discovery (Doc. No. 36) without prejudice and motion to stay (Doc No. 39).

IT IS SO ORDERED.

Dated: December 7, 2021                     s/*Pamela A. Barker*
                                            PAMELA A. BARKER
                                            UNITED STATES DISTRICT JUDGE

13